IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RHONDA R. LEMONS,  )
                   )
     Plaintiff,    )
                   )
v.                 )    Case No. CIV-08-002-JHP
                   )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
                   )
     Defendant.    )

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Application for the Award of Attorney's Fees and Expenses Under the Equal Access to Justice Act filed June 2, 2009 (Docket Entry #21); Plaintiff's Supplemental Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed June 22, 2010 (Docket Entry #24); Plaintiff's Counsel's Opposed Motion Under F.R.C.P. 60 to Extend Time to Request Attorney Fees Under 42 U.S.C. § 406(b) filed April 27, 2010 (Docket Entry #27); and Plaintiff's Counsel's Motion to Dismiss Rule 60 Motion to Extend Time to File for Attorney Fees Under 42 U.S.C. § 406(b) filed July 20, 2010 (Docket Entry #31). These Motions were referred to the undersigned by Order of United States District Judge James H. Payne for the entry of Findings and a Recommendation on the disposition of the various Motions.

In the original EAJA fee request, Plaintiff sought an award of $5,442.60 in attorney fees and paralegal time as a result of the successful reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) in this Court. Defendant objects to the fee requested, asserting it is excessive

because (1) the paralegal and attorney duplicated time in the review of the medical record, requiring a reduction of the paralegal time in the total amount of $1,184.00; and (2) three attorneys reviewed the case to identify the issues on appeal, requiring a reduction in the redundant work in the total amount of $259.50.

Plaintiff contends the paralegal summarized the medical record from which the attorney then prepared the statement of the medical record and legal arguments in the opening brief. As such, Plaintiff states that the paralegal did not duplicate attorney work but, rather, provided a time and fee saving service by preliminarily reviewing the record. Paralegal fees are recoverable under EAJA at the prevailing market rate. Richlin Security Service Co. v. Chertoff, 553 U.S. 571, 587-90 (2008). A review of the time and expense records provided by Plaintiff does not indicate a duplication of effort which requires a reduction in the fees requested.

Plaintiff also contends the use of three attorneys to evaluate the issues for appeal was not excessive. Two attorneys initially evaluated the case before deciding whether to accept the request for legal representation on appeal. Subsequent to the decision to accept the case, a third attorney evaluated the matter to determine the actual issues which would be raised on appeal. The total time involved in evaluating the case is approximately 1.1 hours. This time is not excessive in evaluating the merits of the case, regardless of the number of attorneys who reviewed the record for appeal.

Plaintiff filed a supplemental motion for EAJA fees, requesting compensation for preparing a reply to Defendant's response to the original fee request. In total, Plaintiff seeks an additional $439.40 in preparing the reply in this fee dispute. Defendant objects to the request, essentially citing to the merits of its objection to the original fee request. Having found no merit in Defendant's objection to Plaintiff's EAJA request, it is reasonable for Plaintiff's counsel to seek compensation for the filing of the reply.

As a final matter, Plaintiff has requested that he be permitted to withdraw the motion filed pursuant to Fed. R. Civ. P. 60(b) for an extension of time to file a fee request under 42 U.S.C. § 406(b). Defendant does not oppose the request and, therefore, it should be granted.

IT IS THEREFORE RECOMMENDED that Plaintiff's Application for the Award of Attorney's Fees and Expenses Under the Equal Access to Justice Act filed June 2, 2009 (Docket Entry #21) and Plaintiff's Supplemental Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed June 22, 2010 (Docket Entry #24) be **GRANTED** and that Plaintiff be awarded total fees in the amount of $5,882.00.

IT IS FURTHER RECOMMENDED that Plaintiff's Counsel's Motion to Dismiss Rule 60 Motion to Extend Time to File for Attorney Fees Under 42 U.S.C. § 406(b) filed July 20, 2010 (Docket Entry #31) be **GRANTED** resulting in the **WITHDRAWAL** of Plaintiff's Counsel's Opposed Motion Under F.R.C.P. 60 to Extend Time to Request Attorney

Fees Under 42 U.S.C. § 406(b) filed April 27, 2010 (Docket Entry #27).

Additionally, given the pronouncement by the Tenth Circuit Court of Appeals, it is recommended that the award of EAJA fees be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 407(b)(1), it is recommended that he be required to refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

IT IS SO ORDERED this 1st day of December, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE